UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| DEY, L.P., *et al.*, | No. C 12-80078 CRB (LB) |
| Plaintiffs, | **ORDER RE MOTION TO QUASH** |
| v. | [ECF Nos. 1 and 24] |
| SUNOVION PHARMACEUTICALS, INC., | |
| Defendant. | |

## I. INTRODUCTION

On March 19, 2012, the district court referred all discovery, including non-party Michael Joyce's motion to quash a deposition filed at ECF No. 1, to United States Magistrate Judge Laurel Beeler. Referral Order, ECF No 7 at 1.[1] Joyce's motion seeks to quash a deposition noticed for March 30, 2012. By stipulation, the parties requested an abbreviated briefing schedule. ECF No. 5 at 3.

The court utilizes an alternative mechanism for discovery disputes. And, given the timing issues involved, the court ordered counsel for the parties to meet and confer in person or by telephone if an in-person meeting wass not feasible and to submit a joint letter of no more than five pages summarizing the parties' respective positions. ECF No. 16 at 1. The parties complied with this order, submitting a letter on March 26, 2012. *See* ECF No. 24 at 1. The court then conducted a hearing on March 29, 2012. The court now denies Joyce's motion to quash because the deposition

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

1 was not untimely noticed and is not unduly burdensome.

## II. DISCUSSION

### A. Facts

Originally filed in March 2007, the underlying patent infringement action involves pharmaceuticals containing a substance called formoterol. Order, ECF No. 164 at 1, 1:07-cv-02353 JGK-RLE (S.D.N.Y. Mar. 2, 2012). Plaintiffs Dey L.P., Dey, Inc., and Mylan, Inc., (collectively, "Dey") are pharmaceutical companies. *Id.* Dey is the assignee of two families of patents for certain pharmaceutical substances containing formoterol and certain methods for the administration of those substances. *Id.* Defendant, Sunovion Pharmaceuticals, Inc., formerly known as Sepracor, Inc., produces Brovana, a product that contains formoterol and is used for the treatment of chronic obstructive pulmonary disease. *Id.* Dey alleges that Brovana infringes on its two families of patents. *Id.*

From July 1999 to May 2000, Joyce was employed as temporary laboratory technician at Dey. 3/26/2012 Joint Discovery Letter, ECF No. 24 at 1, 3. In May 2008, Dey produced Joyce's laboratory notebooks dated January 28, 2000 and March 21, 2000. *Id.* at 1. These notebooks included material related to Dey's pharmaceutical development that analyzed the solubility and stability of formoterol formulations. *Id.* Sunovion sought Joyce's deposition in 2008 but was unable to locate him. *Id.* at 1-2.

In November 2011, Dey produced additional pages from several laboratory notebook, including four additional pages from Joyce's notebooks. *Id.* at 2. Judge Koeltl – the presiding judge in the underlying action – permitted additional discovery following this supplemental production but the exact scope of his order is in dispute. *Id.* at 2, 4.

On February 20, 2012, Sunovion served a deposition notice on Joyce. *Id.* at 4-5. The original notice called for a March 1, 2012 deposition. *Id.* at 1. Sunovion moved the deposition twice at Joyce's request, finally settling on Joyce's proposed date of March 30, 2012. *Id.* at 5.

### B. Whether the Deposition was Untimely Noticed

Joyce argues that the deposition notice was untimely because the notice was served a few weeks after the close of the supplemental fact discovery (January 30, 2012) and years after the close of the

1 original fact discovery (August 2009). 3/26/2012 Joint Discovery Letter, ECF No. 24 at 3.

2 Sunovian asserts that Judge Koeltl – the presiding judge in the underlying action – already has
3 ordered that the depositions of the authors (including Joyce) of Plaintiff Dey's late-produced
4 laboratory notebooks should go forward based on Dey's changes to its alleged invention dates. *Id.*
5 at 4. Sunovian also argues that the parties' stipulated Ninth Amended Scheduling Order stated that
6 January 30, 2012 was the deadline for "Sunovion's supplemental fact discovery (***pending witness***
7 ***availability***)" and that, despite its diligence, Joyce was able to evade service until February 20, 2012
8 and then was not available until March 30, 2012. *Id.* at 5 (quoting Stipulated Ninth Amended
9 Scheduling Order, ECF No. 155 at 1 (emphasis added by Sunovian)). Sunovian also contends that
10 the timeline of its efforts to schedule Joyce's deposition supports its assertion that it was not seeking
11 to delay the case. *Id.* at 9-10.

12 Joyce claims that Judge Koeltl required Dey to identify the specific laboratory notebook pages
13 on which it would rely in support of its invention dates for the patents in suit and only allowed
14 Sunovion to take additional discovery concerning relied-upon laboratory notebooks pages. *Id.* at 2.
15 Joyce states that Dey will not rely on his pages in support of its claims and defenses. *Id.* Joyce
16 further explains that he was employed at Dey as a temporary laboratory technician for only about ten
17 months, that he has had no contact with Dey for almost twelve years, and that he has no information
18 beyond that contained in the laboratory notebook pages. *Id.* Joyce also asserts that Sunovian seeks
19 to question him about issues beyond the notebook and that the deposition is a fishing expedition that
20 could potentially delay the case. *Id.* at 2, 3.

21 The Ninth Amended Scheduling Order contemplates that the supplemental fact discovery might
22 extend beyond January 30, 2012, depending on the availability of the witness. The facts as
23 described in both parties' papers support a finding that Joyce was not available prior to the close of
24 fact discovery and that Sunovian has been diligent in its efforts to schedule the deposition.
25 Accordingly, the court finds that the deposition notice was not untimely.

26 Additionally, the court finds that there is no dilatory or otherwise improper motive animating the
27 deposition. First, the court observes that the trial remains set and there are no other deadlines in
28 play. Second, Dey improperly characterized Sunovian's opposition brief as suggesting that it

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1 intends to question Joyce about what has transpired in the New York case over a five-year period.
2 Sunovian actually explained that Joyce appears to lack a basis of knowledge for determining
3 whether his testimony would be cumulative or duplicative because Joyce has not established he is
4 familiar with all that has transpired (not that he will be questioned about issues beyond the scope
5 seemingly contemplated by Judge Koeltl's order permitting supplemental fact discovery).

6 The court's decision regarding the timing issue is buttressed by two additional factors. First,
7 although the trial is set to begin on May 21, 2012, the parties have agreed to extend the deadline for
8 completing supplemental expert depositions until March 30, 2012. Second, if Judge Koeltl
9 disagrees, the court's view is that it is easier for Judge Koeltl to provide a remedy for an unnecessary
10 conducted deposition than a necessary one that did not occur.

### B. Whether the Deposition is Unduly Burdensome

Joyce also argues that the deposition would be unduly burdensome because his testimony would be cumulative or duplicative given his lack of memory and the extensive discovery that has already taken place – including the deposition testimony of Dey's corporate designee. 3/26/2012 Joint Discovery Letter, ECF No. 24 at 3. Joyce explained that he has already declared that he does not recall any specific details. *Id.* at 2. And Joyce explains that Dey offered to stipulate that it would not call Joyce and that Sunovian could rely on the notebook pages without objections from Dey as to their authenticity or admissibility. *Id.*

Sunovian argues that Joyce's deposition is likely to reveal relevant information. *Id.* at 5. It contends that it took significant steps to avoid any undue burden on Joyce, including noticing the deposition at a location less than eight miles from Joyce's home residence and by offering to limit the deposition to no more than 5 hours. *Id.*

As an initial matter, the court finds that Joyce has not established that his testimony would be cumulative or duplicative given that he did not establish that he knows exactly what has otherwise been disclosed in the case and it is possible that his memory will be refreshed upon questioning and examination of the notebooks. And the court further finds that the deposition would not be unduly burdensome given that the location is close to Joyce's home. Although Rule 45(c) of the Federal Rules of Civil Procedure requires a party to avoid *undue* burden or expense, it does not mean that a

party must forgo a necessary deposition. As to the timing, Rule 30(b)(1) of the Federal Rules of Civil Procedure requires parties to provide "reasonable notice" of depositions. Fed. R. Civ. P. 30(b)(1). This is a fact-dependant inquiry. A number of cases have held that, for a deposition without production of documents, ten days notice is generally considered reasonable. *See, e.g., Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272, 275 (C.D. Cal. 2008) (citing *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005)). Here, the court finds that Joyce had sufficient time to prepare, particularly since the notice was served on February 20, 2012, and the deposition ultimately will be held on March 30, 2012.

### III. CONCLUSION

For the foregoing reasons, the court **DENIES** Joyce's motion to quash. The deposition shall start at noon and will last no longer than four hours (3.5 hours of deposition time and .5 hour for breaks).

This disposes of ECF Nos. 1 and 24.

**IT IS SO ORDERED.**

Dated: March 29, 2012

LAUREL BEELER
United States Magistrate Judge

MC 12-80078 CRB (LB)
ORDER